PROB 12C
(6/16)

Report Date: November 17, 2023

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 17, 2023

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Louis Lee Zacherle | Case Number: 0980 2:18CR00210-TOR-1 |
| Address of Offender: ███████████ Omak, Washington 98841 | |
| Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge | |
| Date of Original Sentence: August 2, 2019 | |
| Original Offense: | Crime on Indian Reservation, Assault Resulting in Substantial Bodily Injury to a Spouse, Intimate Partner, or Dating Partner, 18 U.S.C. §§ 113(a)(7) & 1153 |
| Original Sentence: Prison - 30 months  TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: Alison L. Gregoire | Date Supervision Commenced: March 26, 2021 |
| Defense Attorney: Federal Defenders Office | Date Supervision Expires: March 25, 2024 |

## PETITIONING THE COURT

To issue a warrant.

On March 26, 2021, Mr. Zacherle reviewed and signed the judgment for case number 2:18CR00210-TOR-1, which outlines the supervised release conditions. He was provided a copy and acknowledged an understanding of his obligations to the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance. |
| | **Supporting Evidence**: It is alleged that Mr. Zacherle violated the conditions of his supervised release by consuming alcohol on or about September 8, 2022. |
| | Per Washington State Patrol (WSP) report 22-015233, Mr. Zacherle was a passenger in a vehicle involved in an accident. His father lost his life in the accident. WSP troopers made contact with Mr. Zacherle at the scene. He appeared to be under the influence of alcohol, as he displayed blood shot watery eyes, slurred speech, and a strong odor of intoxicants emitting from his person. It should be noted, after a thorough investigation, Mr. Zacherle was not charged with any crime in respect to this incident. He did however admit to the undersigned that he consumed alcohol on or about September 8, 2022. |

Prob12C
Re: Zacherle, Louis Lee
November 17, 2023
Page 2

2     **Mandatory Condition # 3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

       **Supporting Evidence**: It is alleged that Mr. Zacherle violated the conditions of his supervised release by using marijuana on or about October 25, 2022.

       Specifically, on October 26, 2022, the undersigned made contact with Mr. Zacherle at his residence in which a urinalysis specimen was collected from Mr. Zacherle. The urinalysis tested presumptive positive for marijuana. Mr. Zacherle readily admitted to the undersigned and via a signed document that he used marijuana on October 25, 2022.

3     **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

4     **Special Condition #6:** You must allow the probation officer to visit you at any time at your home or elsewhere, and must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

5     **Standard Condition #4**: You must be truthful when responding to the questions asked by the probation officer.

       **Supporting Evidence**: It is alleged that Mr. Zacherle violated the conditions of his supervised release by failing to report a change in his living arrangements at unknown dates in December 2022 and January 2023. It is further alleged that Mr. Zacherle was dishonest with the undersigned when asked direct questions about his living arrangements and that he failed to allow the undersigned to make contact with him at his home on November 13, 2023.

       On October 16, 2023, the undersigned sent Mr. Zacherle a text message stating he needed to be present at his residence on October 17, 2023, for the purpose of a home contact. On October 17, 2023, the undersigned attempted to make contact with Mr. Zacherle at his reported residence and a teenage male stated Mr. Zacherle was not present and he was unaware of his whereabouts. The teenager stated that Mr. Zacherle continues to reside at this residence. Mr. Zacherle did not respond to the text message sent on October 16, 2023, and the undersigned attempted to contact Mr. Zacherle via his cellular telephone. He did not answer the telephone, and there was no ability to leave a voice mail on this telephone.

       On November 12, 2023, the undersigned sent a text message to Mr. Zacherle informing him that he needed to be at this residence on November 13, 2023. On November 13, 2023, Mr. Zacherle sent a text message stating that he now has custody of his daughter and that needed to take her to appointments so he was not going to be home on the designated date. The undersigned responded inquiring for the specific times of said appointments though Mr. Zacherle did not ultimately answer the question and instead expressed his frustration with being on supervision. The undersigned arrived at Mr. Zacherle's reported residence at approximately 4:32 p.m., and contact was made with the homeowner. The homeowner stated that she "kicked out" Mr. Zacherle in either December 2022 or January 2023, and he has not been living there since. The homeowner stated they are no longer going to lie for Mr.

Zacherle and she was uncertain as to where he was specifically living but believed it to be a girlfriend's house. The homeowner allowed the undersigned inside the residence. None of Mr. Zacherle's property or belongings were present and the room Mr. Zacherle previously stated he was staying in was in fact occupied by a teenage male. Mr. Zacherle has been dishonest with the undersigned on multiple occasions since January 2023 about his living arrangements.

6    **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: It is alleged that Mr. Zacherle failed to report to his probation officer as instructed on November 14 and 16, 2023.

On November 13, 2023, the undersigned attempted to make contact with Mr. Zacherle at his residence without success and a text message was sent directing him to report to the U.S. Probation Office on November 14, 2023, at a time that he could choose. On November 14, 2023, Mr. Zacherle failed to report as directed nor did he contact the undersigned in any manner. On November 15, 2023, the undersigned sent Mr. Zacherle a text message directing him that he needed to report to the U.S. Probation Office on November 16, 2023, at a time before 2 p.m. Mr. Zacherle responded thereafter stating his frustration with being on supervision and that he was not going to report as directed. On November 16, 2023, Mr. Zacherle failed to report as directed. He has not answered or returned phone calls from the undersigned and he appears to be evading supervision.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    November 17, 2023

s/Jonathan C. Bot

Jonathan C. Bot
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

Thomas O. Rice
United States District Judge

November 17, 2023
Date